IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR106-092
)
DEMETRIUS FREEMAN, )
)
Defendant. )
)

O R D E R

Before the Court are several motions filed by Defendant—a Motion to Reduce Sentence (Doc. 110), Motion to Present Exhibits in Support of Original Motion (Doc. 117), Motion for Certificate of Appealability (Doc. 124), Motion for Leave to Appeal In Forma Pauperis (Doc. 129), and a second Motion for Leave to Appeal In Forma Pauperis (Doc. 130).

Defendant has filed a pro se Motion to Reduce Sentence. (Doc. 110.) The Court has construed Defendant's request from a November 2011 letter sent by Defendant. In the construed motion, Defendant expresses concerns about his criminal history used to calculate the applicable sentencing guidelines at his federal sentencing in 2007. (Id.) The Government has responded in opposition. (Doc. 111.) Defendant has also filed a pro se motion to present exhibits in support of his original motion. (Doc. 117.)

It is only under very limited circumstances that a court may modify terms of imprisonment already imposed. See 18 U.S.C. § 3582(c). None of those circumstances are present here. Defendant contends that "the Probation Office supplied the Court with an ill-prepared P.S.I., therefore causing the Court to unknowingly render a decision based on illegal convictions."[1] (Doc. 112 at 1.) After careful consideration, Defendant's Motion to Reduce Sentence is **DENIED**, and Defendant's subsequent request to present exhibits (Doc. 117) is **DISMISSED AS MOOT**.

Next, Defendant has filed two Motions for Leave to Appeal In Forma Pauperis. (Doc. 129; Doc. 130) "[A]ny court of the United States may authorize" a criminal appeal in forma pauperis if a Defendant avers that he lacks the funds to pay filing fees and believes he is entitled to redress. 28 U.S.C. § 1915(a)(1). But, "[a]n appeal may not be taken in forma pauperis if the trial court certifies

---

[1] After a review of the motion and reply filed by Defendant, the Court will not recharacterize Defendant's motion as a § 2255, thereby obviating the need for a Castro warning. See Castro v. United States, 540 U.S. 375, 383 (2003). Defendant is attacking his P.S.I. calculations because they included certain prior convictions. (Doc. 110 at 2.) According to Defendant, his "only arguments pertain to the calculation of his criminal history points, not his current convictions." (Doc. 112 at 2.) Similarly, because a certificate of appealabilty is only needed before an appeal of a habeas petition denial—which is not present here—Defendant's Motion for a Certificate of Appealability (Doc. 124) is **DISMISSED AS MOOT**.

in writing that it is not taken in good faith." Id. at (a)(3). A defendant thus must fulfill these in forma pauperis requirements:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis must file in the district court a motion for leave so to proceed, together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which that party intends to present on appeal. Fed.R.App.P. 24(a).

United States v. Gholston, 133 F. Supp. 2d 1304, 1307 (M.D. Fla. 2000), aff'd, 275 F.3d 52 (11th Cir. 2001). Defendant's motions are accompanied by an affidavit of indigency. Even assuming these showings suffice, Defendant must also present a statement of the issues so this Court can evaluate whether his appeal is taken in good faith. 28 U.S.C. § 1915; Gohlston, 133 F. Supp. 2d at 1307). Through this statement of issues, Defendant must show "that a reasonable person could suppose that the appeal has some merit. See Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000); Anfield v. United States, 2010 WL 1737589 at *1 (S.D. Ga. Apr. 29, 2010). Construing Defendant's Notice of Appeal as Defendant's statement of the issues, Defendant makes no showing that a reasonable person could suppose a meritorious appeal. After careful consideration, the Court certifies that Defendant's appeal is not taken in good

3

faith. Therefore, Defendant's Motions for Leave to Appeal In Forma Pauperis (Doc. 129; Doc. 130) are **DENIED**.

Finally, one of Defendant's retained counsel, Mr. J. Todd Rutherford, has filed a "Motion to be Relieved as Counsel." (Doc. 131.) In his motion, Mr. Rutherford indicates that Defendant has told him he wishes to proceed pro se. (Id.) Counsel's withdrawal request, however, does not comply with the local rules of the Southern District of Georgia. See S.D. Ga. L.R. 83.7. Accordingly, Mr. Rutherford's motion is **DENIED**.

SO ORDERED this 21ST day of June 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA